J-S23002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUIS TYLER | : | |
| | : | |
| Appellant | : | No. 1736 EDA 2025 |

Appeal from the PCRA Order Entered June 9, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0101801-1998

BEFORE:   LAZARUS, P.J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:                   **FILED AUGUST 12, 2026**

Louis Tyler appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his serial petition filed pursuant to the Post-Conviction Relief Act (PCRA). *See* 42 Pa.C.S.A. §§ 9541-9546. After review, we affirm.

The PCRA court summarized the facts and procedural history as follows:

On July 14, 1999, [Tyler] was convicted of attempted murder, eight counts of robbery, three counts of aggravated assault[,] and possession of instruments of crime. On January 6, 2000, the trial court sentenced [Tyler] to an aggregate sentence of 132½ to 265 years of incarceration. [Tyler's judgment of sentence] became final as of February [7], 2000[,] when the time frame for filing an appeal expired. [Tyler] did not file a timely PCRA petition within one (1) year of his [judgment of sentence] becoming final. On January 18, 2002, [Tyler] filed a PCRA petition alleging ineffectiveness of counsel for not filing a direct appeal as requested and sought to reinstate his direct appeal rights. On September 19, 2002, the PCRA Court dismissed [Tyler's] petition

_____

[*] Retired Senior Judge assigned to the Superior Court.

because it was not timely. [Tyler] subsequently filed several *pro se* PCRA petitions which the Superior Court has characterized as meritless. ***See Commonwealth v. Tyler***, [194 A.3d 673] (Pa. Super. 2018).

On March 14, 2024, [Tyler] filed a subsequent PCRA petition [in which] he asserted that there was newly discovered evidence of ineffective assistance of counsel due to trial counsel's failure to convey a plea offer and failure to file a direct appeal. [Tyler] claimed that the new evidence was secured on July 23, 2023[,] when [the] Commonwealth provided [Tyler's] case file [to him]. [Tyler] argued that the new fact exception to the time bar under 42 Pa.C.S.[A.] § 9545(b)(1)(ii) should apply and therefore [Tyler's] petition should be heard on its merits.

On December 9, 2024, [the] Commonwealth filed an answer to the [PCRA petition. The] Commonwealth asserted that the time[-]bar exception should not be applied to [Tyler's] petition because he knew about the pretrial [plea] offer on January 18, 2002[,] when his first PCRA petition [w]as filed.

On February 17, 2025, [Tyler] filed an amended PCRA petition. [Tyler] asserted in his amended PCRA petition that[,] under ***Commonwealth v. Bradley***, [261 A.3d 381 (Pa. 2021),] a PCRA petitioner alleging ineffective assistance of prior PCRA counsel may plead and prove an exception to the PCRA's time bar at the first opportunity upon retention of new counsel. [Tyler] argued that[,] accordingly, th[e PCRA court] had discretion to grant [Tyler] relief because this petition was his first opportunity, post ***Bradley***, for him to allege ineffective assistance of counsel in his trial and sentencing. [Tyler] asserted that prior counsel was ineffective because prior counsel waived [Tyler's] prior PCRA appeal and because prior counsel failed to discuss the pros and cons of a plea offer extended by [the] Commonwealth prior to trial.

On March 17, 2025, [the] Commonwealth filed a supplemental answer to [Tyler's] amended PCRA petition and asserted that the Pennsylvania Supreme Court's decision in [] ***Bradley*** did not constitute an exception to the PCRA's time bar. [The] Commonwealth argued that ***Bradley*** allowed a petitioner to raise a claim of PCRA counsel ineffectiveness at the first opportunity to do so even if on appeal from the denial of the PCRA petition[,] however, [Tyler] raised a claim of ineffectiveness of trial counsel. [The] Commonwealth additionally reiterated [its] argument that

[Tyler] did not meet the newly discovered fact exception to the PCRA time bar.

On June 9, 2025, the Honorable [] Tamika Washington heard oral argument regarding [Tyler's] claim of an exception to the PCRA's time bar. PCRA counsel for [Tyler] argued that [Tyler] has repeatedly filed PCRA petitions to demonstrate that he did not possess knowledge that a post-sentence motion was not filed until after the timeframe to file a PCRA petition had passed. [Tyler] believed that he had a post-sentence motion pending after prior counsel sent him an unfiled, drafted post-sentence motion. Prior counsel sent [Tyler] a drafted post-sentence motion eight (8) months after [Tyler] was sentenced. [Tyler] was transferred to New York custody and sent letters to his prior counsel requesting the status of his post-sentence motion in August 2000 and in October 2000 but received no response. In December 2001, [Tyler] learned that no post-sentence motion or PCRA petition was filed. In January 2002, [Tyler] proceeded to file a *pro se* PCRA petition. PCRA counsel then argued, "[f]or 25 years, everyone [has] been telling him he [is] time barred. And that [is] the issue here. The issue is, can there be a way around this time bar so that he can, actually, have a post-sentence motion and appeal to review this sentence." [Tyler's] counsel then clarified that new evidence was no longer being raised as an exemption to the time bar.

[The] Commonwealth argued that all documents submitted by [Tyler] were reviewed and considered by previous courts. [The] Commonwealth stated that [Tyler's] May 7, 2013 PCRA petition included the same documents provided in the instant petition and the prior PCRA court ultimately dismissed the petition as untimely. On January 6, 2016, [Tyler] filed another PCRA petition which included the same documents and was dismissed. [The] Commonwealth noted that the instant petition was the seventh petition filed. [The] Commonwealth argued that the time bar is jurisdictional in nature and that without an exception pled to the time bar or a timely petition, the court does not have jurisdiction to adjudicate the petition on the merits. [The] Commonwealth stated that there were two overarching "equitable" areas in [Tyler's] petition. First, [the] Commonwealth argued that the [Supreme Court of Pennsylvania] has explicitly said that [] ***Bradley*** does not constitute an exception to the time bar. [The] Commonwealth argued that in [***Commonwealth v. Baroni***, 827 A.2d 419 (Pa. 2003)], "the preset that structural errors can never be deemed harmless does not serve to create a state court

jurisdiction that is otherwise absent." Additionally, [the] Commonwealth argued that in [**Baroni**], the [Supreme Court of Pennsylvania] held that an allegation of a structural error does not surmount the jurisdictional time bar of Section 9545(b). [The] Commonwealth agreed that there was attorney abandonment but argued that the claim had been litigated more than seven times and that an exception to the time bar has not been pled.

PCRA counsel for [Tyler] argued in response that the Pennsylvania Supreme Court instead held that when an attorney appeals a PCRA petition and fails to file a Superior Court brief, the appellant may file another PCRA petition which would otherwise be time[-]barred and receive relief. PCRA counsel proceeded to argue that in [the] Commonwealth's cited cases there was always an appeal which indicates that the petitioner received, "some kind of review." PCRA counsel then stated that attorney abandonment was a structural error and that structural error should be more heavily weighed than the time bar in the interest of finality for a PCRA petition. Th[e PCRA court] considered [Tyler's] amended PCRA petition, [the] Commonwealth's Answer to the PCRA petition[,] and the argument of both parties. Th[e PCRA court] ultimately denied [Tyler's] amended PCRA petition because structural error was not a framework for creating jurisdiction under the PCRA and because [Tyler] failed to raise an exception the PCRA time bar.

Trial Court Opinion, 9/22/25, at 1-5 (footnotes, unnecessary capitalization, and citations to record omitted).

On July 7, 2025, Tyler filed a timely notice of appeal. Both Tyler and the PCRA court have complied with Pa.R.A.P. 1925. Tyler now raises the following issue for our review: "Did the PCRA court err by finding that [Tyler']s PCRA petition is time-barred when it concluded that the structural error that [Tyler] suffered because his counsel abandoned him should not outweigh the need for finality that the time[]bar is meant to vindicate?" Appellant's Brief, at 2 (unnecessary capitalization omitted).

Tyler argues that the PCRA court erred in concluding that his petition was time-barred. Our review of a PCRA court's decision to grant or deny PCRA relief "is limited to determining whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Hereford*, 334 A.3d 903, 907 (Pa. Super. 2025) (en banc) (internal quotation omitted). We view the evidence of record in a light most favorable to the prevailing party and are bound by the PCRA court's credibility determinations unless they are not supported by the record. *See Commonwealth v. Flor*, 259 A.3d 891, 902 (Pa. 2021). We review a PCRA court's legal conclusions *de novo*. *Id.* It is the appellant's "burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 145–46 (Pa. Super. 2018).

If a PCRA petition is untimely, neither the PCRA court nor this Court has jurisdiction over it. *Commonwealth v. Branthafer*, 315 A.3d 113, 120 (Pa. Super. 2024). To be timely, a PCRA petition must be filed "within one year of the date the judgment becomes final," unless the petitioner alleges and proves that one of three statutory exceptions is met. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).[1] A petition invoking one of the statutory exceptions to the jurisdictional time bar must be filed within one year of the date the claim could

_____

[1] The Supreme Court of Pennsylvania has observed that the statute "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time[ ]bar in addition to those exceptions expressly delineated in the Act." *See Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)).

have been presented and must not have been previously litigated. **See id.** at § (b)(2-3). If a petitioner fails to plead and prove a valid exception to the PCRA time bar, a court is without jurisdiction to review the petition and cannot provide relief. **See Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017).

Tyler's judgment of sentence became final on February 7, 2000, after the thirty-day appeal period lapsed. Tyler thus had until February 5, 2001 to file a timely PCRA petition. The instant PCRA petition, filed on February 17, 2025, is patently untimely. Therefore, for any court to have jurisdiction over it, Tyler must meet one of the three statutory exceptions. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, however, Tyler does not assert one of the statutory exceptions to the time bar; instead, he argues that because of a "structural error"—his prior counsel effectively abandoning him—this Court should give greater weight to correcting the structural error than to the PCRA's need for finality and carve out an exception to the time bar. Appellant's Brief, at 6-10. Tyler points to **Weaver v. Massachusetts**, 582 U.S. 286 (2017), wherein the United States Supreme Court defined a "structural error" as an error that "affect[s] the framework within which the trial proceeds[.]" **Id.** at 7 (citing **Weaver**, 582 U.S. at 295). In **Weaver**, the United States Supreme Court held that "an error [is] structural if the error always results in fundamental unfairness." **Weaver**, 582 U.S. at 296. Tyler then points to **U.S. v. Cronic**, 466 U.S. 648 (1984), wherein the United States Supreme Court held that, in the context of a claim for ineffective assistance of counsel, prejudice may be presumed

where there has been a "complete denial of counsel." Appellant's Brief, at 8 (citing **Cronic**, 466 U.S. at 659). Tyler posits that, if attorney abandonment is inherently prejudicial, then his case "is tainted by fundamental unfairness because he has no remedy to seek review of a process that resulted in a *de facto* life sentence." Appellant's Brief, at 8. Additionally, Tyler claims that Pennsylvania courts have previously excused the untimeliness of a PCRA petition due to attorney abandonment. **Id.** at 9 (citing, *inter alia*, **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007)).

"It is well-established that an allegation of ineffectiveness is, typically, not sufficient to overcome an otherwise untimely PCRA petition." **Branthafer**, 315 A.3d at 136 (citing **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000)). Our Supreme Court has stated that it "could not override the strict jurisdictional mandates of the PCRA just because [a petitioner] presents a patently viable claim for relief which implicates structural error." **Commonwealth v. Reid**, 235 A.3d 1124, 1169 (Pa. 2020); **see also Commonwealth v. Baroni**, 827 A.2d 419, 421 (Pa. 2003) (holding that structural error will not serve to "create state court jurisdiction that is otherwise absent"); **Commonwealth v. Breakiron**, 781 A.2d 94, 100–01 (Pa. 2001) (explaining that "the bedrock nature of the [alleged] constitutional error," in and of itself, "has no bearing on the applicability of the PCRA's timeliness requirements").

As for Tyler's reliance on **Bennett**, our Supreme Court has clarified that **Bennett** "did not authorize courts to grant post-conviction relief in every

instance where a petitioner has been abandoned by appellate counsel, and []
neither stated nor implied that petitioners could circumvent the statutory filing
deadline by citing **Bennett** as an independent basis for a new claim of
ineffectiveness." **Watts**, 23 A.3d at 986. Rather, **Bennett** merely stands for
the proposition that "when a petitioner claims he was abandoned on appeal
by former counsel, he may successfully invoke section 9545(b)(1)(ii) if he can
establish that the facts upon which his claim is predicated were unknown to
him and could have not have been discovered through the exercise of due
diligence." **Id.** at 984 (citing **Bennett**, 930 A.2d at 1271). Here, Tyler does
not argue that his counsel's abandonment qualifies him for the newly
discovered fact exception, and, accordingly, **Bennett** is inapplicable. **See
Watts**, **supra.**

When drafting the PCRA, it was the legislature's obligation to take into
account the competing concerns that Tyler now contends should be weighed
differently. The legislature having done so, our case law makes clear that our
Supreme Court, tasked with interpreting the legislature's pronouncements as
written, determined that a claim of structural error does not create jurisdiction
or serve as an extra-statutory exception to the PCRA's time bar. Therefore,
the PCRA court did not err in finding Tyler's petition untimely. **See Reid**,
**supra**; **Gamboa-Taylor**, **supra**. Tyler's claim is without merit, and no relief
is due.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2026